142

GLENDORA, Plaintiff,

v.

John C. MALONE, et al., Defendants.

No. 96 Civ. 140 (WCC).

United States District Court,
S.D. New York.

Jan. 23, 1996.

Glendora, White Plains, New York, pro se.

Cohen, Dax, Koenig & Wiles, P.C., Albany, New York (Joshua N. Koenig, Ben Wiles, of counsel), for defendants.

WILLIAM C. CONNER, Senior District Judge.

This *pro se* action was filed on January 10, 1996, by plaintiff Glendora, who is the producer of a public access cable television program currently seen on Channel 8 in the Westchester County area. Plaintiff alleges that as of February 1, 1996, defendants plan to cease their current practice of broadcasting public access programming on Channel 8 simultaneously in each municipality for which defendants provide cable service. Instead, each municipality will determine at what time and on what channel public access programming will be viewed. Plaintiff contends that this change violates her First and Fourteenth Amendment rights, as well as her rights under the federal and state laws that govern the provision of public access channels. She has brought claims under 42 U.S.C. § 1983 and under 47 U.S.C. § 531(e), as well as various pendent state law claims.

On January 12, 1996, we issued an Order to Show Cause why plaintiff should not be granted a temporary restraining order and preliminary injunction prohibiting defendants from restructuring their public access programming as planned. Today, we held a hearing on the motion. After hearing lengthy oral presentations from both sides, we orally denied plaintiff's motion for a preliminary injunction without prejudice. We now issue this written confirmation of our ruling.

■ Plaintiff has failed to demonstrate that she is entitled to a preliminary injunction at this time. We have serious questions about the likelihood that she will succeed on the merits of her claims. Defendants contend that the applicable state and federal regulations require them to provide at least one public access channel *per franchise area.* *See* 47 U.S.C. § 531; N.Y.Exec.Law, tit. 28, § 815(b); 9 N.Y.C.R.R. § 595.4 (emphasis

added). Defendants contend that the contemplated restructuring of public access programming will meet this standard because each franchise area, i.e., each municipality, will continue to provide at least one public access channel. Plaintiff was not able to provide the court with a convincing argument to the contrary.

■ Furthermore, we have some doubts as to whether plaintiff has demonstrated a likelihood of irreparable harm if we do not grant the requested relief. While irreparable harm usually results when the First Amendment is violated, we are not persuaded that plaintiff's First Amendment rights are implicated in this case. She is not alleging that she is being prevented from speaking, or even that she is being prevented from speaking on public access television. Instead, she asserts that the restructured public access programming will impose substantial new burdens on her in distributing her program to the same audience that she now enjoys. We do not doubt that her show will be less visible if it is broadcast at different times and on different channels in the various municipalities. At this time, however, there is no way to predict how great the burdens on plaintiff may be or to estimate the changes in the distribution of her program that may occur. In the absence of such evidence, and in view of the fact that defendants have represented that they will—within the framework of the requirements of the applicable federal and state laws—use all reasonable efforts to facilitate the distribution of plaintiff's program, we find that plaintiff has failed to establish a probability that she will suffer irreparable harm in the absence of a preliminary injunction.

At the same time, we recognize the strong public policy in favor of ensuring that cable operators comply with their obligation under federal and state law to provide access to the public. Accordingly, we deny plaintiff's motion for a preliminary injunction without prejudice. Plaintiff may renew her motion in the event that after February 1, 1996, defendants do not provide plaintiff with reasonable access to the public access channels of the various municipalities, consist with the defendants' obligations under the applicable federal and state laws and regulations.

Plaintiff's motion for a temporary restraining order is denied.

SO ORDERED.